JOHN BENDER, PLAINTIFF IN ERROR, v. NEW YORK GLUCOSE COMPANY, DEFENDANT IN ERROR.

Argued March 15, 1905—Decided July 7, 1905.

Minor employes assume the risk of those dangers attendant upon their work which are obvious to them.

---

On error to the Supreme Court.

For the plaintiff in error, *Samuel Kalisch.*

For the defendant in error, *Bedle, Edwards & Thompson.*

The opinion of the court was delivered by

DIXON, J. In the factory of the defendant machines for pressing oil cakes are used. The process requires that the meal shall be placed in a mould and then the workman, by raising a lever, introduces the steam power, which pushes the mould up against a plate fixed above it and thus forms the cake. The cake is then removed and the process repeated. In the course of the work some of the oil and meal falls

to the floor and renders it slippery. Workmen were employed in the factory night and day, the same employe working two weeks by day and then two weeks by night. In the daytime a man was usually engaged in removing the waste meal and oil from the floor, but this service was omitted at night.

The plaintiff, about seventeen years of age, was first employed by the defendant to take the cakes away from the machines, and after he had served in this capacity four weeks—two by day and two by night—he was set to work managing a machine. On the third night of this service, as he was exerting his strength with both hands to raise the lever, his foot slipped, and to save himself from falling he inadvertently placed his hand upon the meal in the mould just as it was being pushed up against the plate. In consequence his hand was crushed so that amputation became necessary, and for this injury he brought suit against the defendant.

At the trial in the Essex Circuit a nonsuit was ordered upon the ground that the plaintiff's injury resulted from an obvious danger, and thereupon the present writ of error was issued.

We think the nonsuit should be maintained.

The plaintiff's four weeks of service around the machine had fully apprised him of the slippery condition of the floor, and it needed much less experience than that through which youths of seventeen years must have passed to teach him that, when straining to lift the lever, he might slip and grasp impulsively at the nearest object to avoid a fall, and thus might subject himself to injury by the machine. The possibility of such a calamity as happened he could perceive and appreciate as well as a person of mature years, and no instructions from his employer could make it plainer to him. It is the well-settled rule of law that under such circumstances even minor employes assume the risks attendant on their work.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, DIXON, GARRISON, FORT, GARRETSON, PITNEY, SWAYZE, BOGERT, VREDEN-BURGH, VROOM, GREEN.    11.

*For reversal*—None.